**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOSE LUIS PITA-MOTA,<br><br>Defendant - Appellant. | No. 10-10514<br><br>D.C. No. 2:09-cr-01114-GMS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted April 19, 2012
San Francisco, California

Before: SCHROEDER, THOMAS, and GRABER, Circuit Judges.

Defendant Jose Luis Pita-Mota appeals his conviction and resulting sentence

for conspiracy to distribute and possess with intent to distribute methamphetamine,

in violation of 21 U.S.C. § 846; distribution and possession with intent to distribute

methamphetamine, in violation of 21 U.S.C. § 841; being a felon in possession of a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

firearm, in violation of 18 U.S.C. §§ 922(g), 924(a); and illegal reentry after removal, in violation of 8 U.S.C. § 1326(a). We affirm.

1. We assume, without deciding, that in the circumstances of this case, the district court erred by failing to apply mitigating procedures to the dual fact-and-expert testimony of some of the government's witnesses, and that this error was plain. See United States v. Freeman, 498 F.3d 893, 903–04 (9th Cir. 2007) (describing the dangers of dual testimony). The assumed error did not affect Defendant's substantial rights, however, because he has not shown "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." United States v. Dominguez Benitez, 542 U.S. 74, 81–82 (2004) (internal quotation marks and brackets omitted). The evidence of Defendant's guilt was overwhelming, and the allegedly impermissible expert testimony affected only minor topics.

We carefully have considered Defendant's other arguments concerning other alleged plain errors by the district court concerning expert testimony, and we find no reversible error.

2. The district court did not err under Bruton v. United States, 391 U.S. 123 (1968), by admitting the statement by a co-defendant, because the statement did not "facially, expressly, or powerfully implicate[]" Defendant. United States v.

2

Hernandez-Orellana, 539 F.3d 994, 1001 (9th Cir. 2008) (internal quotation marks omitted). Additionally, even assuming that the admission of the statement violated Crawford v. Washington, 541 U.S. 36 (2004), see United States v. Tuyet Thi-Bach Nguyen, 565 F.3d 668, 674–75 (9th Cir. 2009) (interpreting Crawford broadly), any such error was harmless. The statement's implication of Defendant was not great and, as noted above, the evidence against Defendant was overwhelming.

3. The district court did not err—let alone plainly err—by admitting the "prior acts" evidence relevant to two co-defendants. The district court gave a limiting instruction, and Defendant cites no support for his argument that the district court sua sponte must deny admission of relevant evidence simply because it may have some small prejudicial effect on a co-defendant.

4. The district court did not abuse its discretion in permitting lay testimony identifying Defendant's voice. See United States v. Alvarez, 358 F.3d 1194, 1205 (9th Cir. 2004) (stating the standard of review). Federal Rule of Evidence 901 contemplates this type of testimony, and Federal Rule of Evidence 701 is not to the contrary. The district court did not abuse its "wide discretion" in admitting this evidence. Alvarez, 358 F.3d at 1205.

5. The district court did not err at sentencing. The district court's determination not to grant a two-level adjustment for acceptance of responsibility

3

was not clearly erroneous, particularly in light of the "great deference" that we owe to the court's decision. United States v. Martinez-Martinez, 369 F.3d 1076, 1088–89 (9th Cir. 2004). The imposition of a sentence at the low end of the Guidelines range was not unreasonable.

**AFFIRMED.**